## St. Louis, Alton & Terre Haute Railroad Company v. James S. Biggs.

1. NEGLIGENCE—*Leaving Cars on a Side Track.*—Where an agent in charge of a railroad station permitted several cars to be left standing on a switch, in such close proximity to the main track that an employe on a passing engine coming in collision therewith was thrown to the ground and injured, the company is liable.

2. FELLOW-SERVANTS—*Station Agent and Pile DriverMan Are Not.*— A station agent in charge of a company's station house, side tracks, etc., is not a fellow-servant of a brakeman on a pile-driver train.

**Memorandum.**—Action for personal injuries. Appeal from the Franklin County Circuit Court; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

### STATEMENT OF THE CASE.

This suit was brought to recover for personal injury produced by collision between a pile-driver car, on which the plaintiff was riding, and a car standing on the side track at Mulkeytown station. The plaintiff was at the time in the employ of defendant in the capacity of section hand; on February 4, 1893, plaintiff, with other section men, was engaged in repairing a bridge about two miles from Mulkeytown, assisting the pile-driver crew, the section men sawing, sharpening and setting piling. The men rode out to work and returned on the pile driver, which was hauled by a locomotive engine; between four and five o'clock P. M., they were returning to Mulkeytown from work, all the men riding on the pile-driver car, and running at a rate of speed of twelve to fifteen miles per hour; just before reaching the side track at Mulkeytown the engineer called for brakes, and the plaintiff got up and opened the door of the pile-driver car in which the men were riding; just about that time the corner of the pile-driver car collided with the corner of a car standing on the side track, stopping the momentum of the pile-driver car, and pitching plaintiff off to the ground.

R. W. S. WHEATLEY, attorney for appellant.

C. H. LAYMAN, attorney for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This was a suit brought by appellee to recover damages for personal injuries alleged to have resulted by reason of defendant's negligence. A jury was waived and the cause was tried by the court by agreement. The court found defendant guilty, and assessed plaintiff's damages at $3,000. Defendant's motion for a new trial was overruled. Judgment on the finding was rendered, and defendant appealed. In the second count of the amended declaration it is averred that Biggs, while in the employ of appellant, and on a car called a pile driver, then being run and operated by it, and in the discharge of his duty as such employe, and in the exercise of due care and caution, near Mulkeytown station, and while said car and engine was being run at a great rate of speed on said road, near a point where a switch track separates from the main track, defendant had negligently placed and left standing on said switch track certain cars, so near to and in such close proximity to the main track, that the engine and car on which plaintiff then was, and which was then being operated by steam power as aforesaid, was, by reason of said other cars being left so close to said main track as aforesaid, suddenly and violently struck, and came in contact with said other cars on said switch track, by means and in consequence of which said striking and contact, the plaintiff, while in the discharge of his duty and in the exercise of due care and caution, was thrown suddenly and violently down to and upon the ground. Then follows a detailed statement of the resulting personal injuries to plaintiff.

The evidence would warrant the court in finding Ragland's negligence caused the collision and resulting injury to plaintiff, as charged in said second count. Ragland was defendant's station agent at Mulkeytown. He had charge and control of all switch tracks there, and was charged

with the duty to see that all cars on side tracks there, were so placed as to be clear from trains passing on main line.

He was armed with authority to perform this duty, and direct where freight cars should be left. He permitted the car against which said pile-driver car struck to remain with a portion of it projecting in such a manner that a collision with a car passing on the main track was inevitable, and knew before the accident that the pile-driver car must pass that point.

The evidence tended to show his attention was called to said car on the switch track before the collision, yet he made no examination to ascertain that it was clear from passing trains. His negligence was such as to create liability on the part of appellant, to respond in damages for the resulting injury to appellee caused thereby. He was not a fellow-servant of Biggs, and the court evidently based its finding on his negligence established by the proof, and not on any negligence of the engineer, against whom no negligence is charged. The question of fellow-servant so fully discussed in the printed argument for appellant is therefore not involved. We find no error in any ruling of the court, and the variance suggested by counsel for appellant is not material. The injuries to appellee were of a kind and character sufficiently serious to justify the recovery of the amount of the judgment, as compensatory damages. The judgment is affirmed.